IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES FOUNDS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL BEVERAGE CORP.<br><br>Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No. 2:25-cv-01337<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant National Beverage Corp. ("National Beverage" or "Defendant"), hereby removes this action from the Court of Common Pleas of Allegheny County, Pennsylvania (the "State Court"), in which court this case was filed, to the United States District Court for the Western District of Pennsylvania. National Beverage denies the allegations in the State Court pleading and files this notice without waiving any claims, defenses, exceptions, or obligations that may exist in its favor in state or federal court. As grounds for the removal of this action, National Beverage states as follows:

I. **NATURE OF THE ACTION**

1. On August 8, 2025, Plaintiff James Founds ("Plaintiff") commenced this putative civil class action in the State Court by filing a summons and complaint (the "Complaint") against National Beverage (the "State Court Action"). A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit 1**.

2. In the Complaint, Plaintiff alleges that, notwithstanding the ingredient label, National Beverage made fraudulent omissions about brominated vegetable oil contained in its product, Faygo.

3. The Complaint sets forth eight causes of action for: Violation of the Unfair Trade Practices and Consumer Protection Law (Count I); Breach of the Implied Warranty of Merchantability (Count II); Fraudulent Concealment (Count III); Negligent Misrepresentation (Count IV); Unjust Enrichment (Count V); Negligence (Count VI); Negligent Failure to Warn (Count VII); and Strict Product Liability (Count VIII).

4. Plaintiff served National Beverage with the Summons and Compliant on August 15, 2025.  A true and correct copy of the evidence of service is attached hereto as **Exhibit 2**.

## II. REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT

5. "The Class Action Fairness Act of 2005 (CAFA) . . . enables any defendant to remove a qualifying class action to federal court." *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 148 (3d Cir. 2009) (citing 28 U.S.C. § 1453(b)).

6. CAFA applies to any class action before or after the entry of a class certification order by the court. *See Fox v. Chipotle Mexican Grill, Inc.*, No. 2:20-cv-1448, 2021 WL 706757, at *5 (W.D. Pa. Feb. 23, 2021).

7. Under CAFA, "the term 'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

8. Plaintiff filed the State Court Action as a putative class action and purported to bring this action "on behalf of himself and all others similarly situated." Compl. pp. 1, 4.

9. The Pennsylvania rule governing the maintenance of class actions, Pennsylvania Rule of Civil Procedure 1701 *et seq.*, is analogous to Federal Rule of Civil Procedure Rule 23 and authorizes an action to be brought by one or more representative persons as a class action if the underlying requirements are met.

10. The State Court Action therefore falls within the definition of a "class action" under CAFA.

11. Pursuant to CAFA, federal courts have jurisdiction over class actions with:

   a) Diversity of citizenship between class member and defendant;

   b) A putative class size of at least 100 members; and

   c) A minimal amount in controversy of $5,000,000 in the aggregate.

*See Kaufman*, 561 F.3d at 149 (citing 28 U.S.C. §§ 1332(d)(2)(A) and 1332(d)(5)(B)); *see also* 28 U.S.C. § 1332(d)(6).

### A. The Parties are Minimally Diverse

12. Under CAFA, there is minimal diversity if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

13. As alleged in the Complaint, "Plaintiff is a citizen of Pennsylvania, residing in Allegheny County." *See* Compl. ¶ 21.

14. Additionally, "Defendant National Beverage Corp. is a corporation organized [under] the laws of Florida with its principal place of business located in Plantation, FL." *Id.* ¶ 22. In fact, National Beverage is incorporated in Delaware.

15. For purposes of diversity, National Beverage is therefore a citizen of Delaware and Florida pursuant to 28 U.S.C. § 1332. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99,

104 (3d Cir. 2015) ("A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business.").

16.     Since at least one member of the putative class is a citizen of Pennsylvania, namely Plaintiff, minimal diversity exists for purposes of removal under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A).

### B. The Putative Class Contains 100 or More Members

17.     Plaintiff purports to represent a Pennsylvania class of "[a]ll persons who purchased Defendant's Products within the Commonwealth of Pennsylvania and within the applicable statute of limitations period" and a nationwide class of "[a]ll persons who purchased Defendant's Products within the United States and within the applicable statute of limitations period[.]" Compl. ¶ 109(a)-(b).

18.     Plaintiff alleges that "[w]hile the exact number of Class Members is not yet known, subject to discovery, it is believed and therefore averred that the Class number [are] in the *tens of thousands.*" *Id.* ¶ 112 (emphasis added).

19.     National Beverage is entitled to rely on Plaintiff's alleged fact that the putative class contains at least "tens of thousands" of members as an admission in favor of jurisdiction. *See Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 505 (3d Cir. 2014 ("Because Judon explicitly asserted in her complaint that there are 'hundreds of members,' Travelers was entitled to rely on this fact as an admission in favor of jurisdiction.").

20.     Therefore, based on the allegations in the Complaint, the aggregate number of class members in Plaintiff's proposed class is at least 100 members (and potentially tens of thousands) for purposes of satisfying 28 U.S.C. § 1332(d)(5)(B).

### C. The Amount in Controversy Exceeds $5 Million

21. "A defendant seeking to remove a case under CAFA must provide evidence that it is more likely than not that the amount in controversy exceeds the statutory minimum." *Fox*, 2021 WL 706757, at *5 (citing *Lewis v. Ford Motor Co.*, 610 F. Supp. 2d 476, 483 (W.D. Pa. 2009)).

22. However, where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." 28 U.S.C. § 1446(c)(2)(A); *see also Dart Cherokee Basic Operating Co. v. Owens*, 574 U.S. 81, 84 (2014) (same); *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) ("[T]o determine whether the minimum jurisdictional amount has been met in a diversity case removed to a district court, a defendant's notice of removal serves the same function as the complaint would if filed in the district court."); *Lewis*, 610 F. Supp. at 483-84 (finding evidence of removal "includes submissions related to the plaintiff's motion to remand as well as those provided with the defendant's removal notice").

23. The standard in determining if the necessary amount in controversy has been met is applied liberally. *See Lewis*, 610 F. Supp. at 484; *see also Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995) ("Indeterminacy of the amount to be recovered is therefore not sufficient to defeat diversity jurisdiction, and so it is immaterial that the Jumaras might eventually recover less than $50,000 from State Farm.")

24. Accordingly, "Defendants do not need to prove to a legal certainty that the amount in controversy has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Dart Cherokee Basic Operating Co.*, 574 U.S. at 88-89 (citing H.R. Rep. No. 112-10, p. 16 (2011)); *see also Fox*, 2021 WL 706757, at *6 ("A defendant can satisfy CAFA's amount in controversy requirement where its notice of removal includes a plausible allegation that the stakes exceed $5,000,000, and may supply a 'reasonable reading of the value of the rights being litigated.'") (internal citations omitted).

25.     For the sole purpose of removal,[1] National Beverage asserts that the amount in controversy exceeds CAFA's jurisdictional threshold requirement of $5 million, exclusive of interests and costs. *See* 28 U.S.C. § 1332(d)(2), (6).

26.     CAFA mandates that the "claims of the individual class members shall be aggregated" in order to determine if the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." *See* 28 USC §§1332(d)(2), 1332(d)(6).

27.     This calculation includes punitive treble damages and attorneys' fees. *See Frederico*, 507 F.3d at 198-99 (holding compensatory damages, punitive damages, and attorneys' fees available to putative class must be considered when calculating the amount in controversy); *see also Lewis*, 610 F. Supp.2d at 484 ("By statute, interest and costs are excluded from the calculation of the jurisdiction amount under CAFA . . . All other damages, including attorneys' fees, are included.").

28.     Here, Plaintiff's allegations alone are sufficient to demonstrate the requisite $5 million amount in controversy.

29.     Specifically, in Count I of the Complaint, Plaintiff seeks a statutory minimum of $100 for each violation of the Pennsylvania Unfair Trade Practice and Consumer Protection Law ("UTPCL"), "treble damages, attorneys' fees and costs, and any additional relief this Court deems necessary or proper." *See* Compl. ¶ 133.

30.     Pursuant to 73 P.S. § 201-9.2(a), the court is permitted to award treble damages up to three times the amount of actual damages, or in other words, $300 for each UTPCL violation. *See also Fox*, 2021 WL 706757, at *6 (finding Section 201.9.2(a) of the UTPCPL permits recovery

---

[1] National Beverage denies that Plaintiff is entitled to any damages of any kind and denies he is entitled to attorney fees or any other costs in connection with any of his claims.

6

of actual damages or $100, whichever is greater, but "the Court may treble damages up to three times the actual damages sustained and may provide any other relief is finds necessary or proper").

31.     With $300 per violation for just one count in the Complaint, there conceivably would only need to be 16,667 violations to satisfy the $5 million amount in controversy requirement.

32.     Additionally, the requisite number of violations is further reduced because the Plaintiff seeks attorneys' fees, which must also be included in the amount in controversy calculation. *See Frederico*, 507 F.3d at 199 ("We must also consider attorney's fees."); *Lewis,* 610 F. Supp. 2d 486 ("These [attorney's] fees are therefore properly considered in the calculation.").

33.     When calculating the amount in controversy, Third Circuit courts apply a 30% median recovery range for any potential judgment. *See Frederico*, 507 F.3d at 199 ("Fees could be as much as thirty percent of the judgment"); *Lewis,* 610 F. Supp. 2d 486 (allowing use of higher percentage to calculate attorney's fees where "attorneys' fees are commonly in the range of 27% to 30% of the direct damages").

34.     Applying a conceivable 30% range to the $300 trebled damages results in $390 per violation for just one count in the Complaint, so there would only need to be 12,821 violations to satisfy the $5 million amount in controversy requirement.

35.     Aside from the statutory damages and attorney's fees Plaintiff seeks for his UTPCL claim, Plaintiff also seeks disgorgement of profits, compensatory damages, punitive damages, and damages for medical monitoring on behalf of the putative class. *See* Compl. pp. 46-47.

36.     Based on Plaintiff's own allegations that the putative class contains at least "ten*s* of thousands" of class members, necessarily at least 20,000 class members, reading the allegations

in Plaintiff's complaint in a light most favorable to Plaintiff demonstrates that the amount in controversy exceeds $5 million.

37.  Therefore, the amount in controversy threshold established under CAFA is satisfied.

### III.  REMOVAL IS PROCEDURALLY PROPER

38.  This Notice of Removal is timely under 28 U.S.C. § 1441(b). The Complaint was filed on August 8, 2025 and served on August 15, 2025. *See* Exs. 1 and 2. Because removal is made within thirty days of service, this Notice of Removal is timely.

39.  Pursuant to 28 U.S.C. §§ 1441, *et seq.*, the right exists to remove this case from the State Court to the United States District Court for the Western District of Pennsylvania, which embraces the place where the action is pending. The United States District Court for the Western District of Pennsylvania embraces the county in which the State Court Action was filed— Allegheny County, Pennsylvania—and thus, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 1441(a), 118(c).

40.  National Beverage will concurrently file a Notice of Filing of Notice of Removal with the clerk of the State Court in which the State Court Action was pending and serve a copy on Plaintiff's counsel, pursuant to 28 U.S.C. §§ 1446(a) and (d).

**WHEREFORE,** by this Notice of Removal, defendant National Beverage hereby removes this action from the Common Pleas Court of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania

Dated: September 3, 2025                    Respectfully submitted,

By: */s/ David A. Fusco*
David A. Fusco, Esquire
PA ID # 206808

Nathan Townsend, Esquire
PA ID # 327215
**K&L GATES LLP**
210 Sixth Avenue
Pittsburgh, PA 15222
(412) 355-6500
david.fusco@klgates.com
nathan.townsend@klgates.com

*Attorneys for Defendant National Beverage Corp.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2025, I caused a true and correct copy of the foregoing Defendant National Beverage Corp.'s Notice of Filing of Notice of Removal to be served as stated upon the following:

The Keeton Firm LLC
Steffan T. Keeton
PA ID # 314635
100 S Commons, Ste. 102
Pittsburgh, PA 15212
1-888-412-5291
stkeeton@keetonfirm.com

Attorney for Plaintiff James Founds


By: */s/ Nathan Townsend*
Nathan Townsend, Esquire
PA ID # 327215
**K&L GATES LLP**
210 Sixth Avenue
Pittsburgh, PA 15222
(412) 355-6500
nathan.townsend@klgates.com

*Attorney for Defendant National Beverage Corp.*